**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KHALED AL HAJ,** | : | **CIVIL ACTION NO. 1:26-CV-3043** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **TODD BLANCHE, *et al.*,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

This is a civil case in which the plaintiff, Khaled Al Haj, seeks a judgment from the court compelling United States Citizenship and Immigration Service ("USCIS") to grant him United States citizenship. Because Al Haj has not included any documentary evidence to show that he has been granted citizenship or that he has been afforded an interview or a hearing on his application for citizenship, the complaint will be dismissed without prejudice for lack of subject matter jurisdiction and Al Haj will be granted leave to file an amended complaint.

## I. Factual Background & Procedural History

Al Haj, an inmate in Allenwood Low Security Correctional Institution ("LSCI-Allenwood"), filed this case on October 13, 2026. (Doc. 1). According to the complaint, Al Haj was born in Yemen in 1961, but is a lawful permanent resident of the United States. (Id. ¶ 7). The complaint alleges that Al Haj has filed a Form N-400 application for naturalization and that USCIS has "provided [him] an administrative approval for U.S. citizenship." (Id. ¶¶ 12–13). "Since the date of said approval," the complaint alleges, "Plaintiff has been recognized by USCIS as a

Lawful Permanent Resident ("LPR") who has been admitted to citizenship. However, the Defendants have not issued nor provided the Plaintiff a Certificate of U.S. Citizenship. The Defendants have not provided the Plaintiff a formal written decision of any denial to acquired Citizenship." (Id. ¶ 14). Al Haj seeks declaratory relief and a writ of mandamus compelling the government to grant him citizenship.

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
**(A)** the allegation of poverty is untrue; or
**(B)** the action or appeal—
**(i)** is frivolous or malicious;
**(ii)** fails to state a claim on which relief may be granted; or
**(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting

---

> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III. Discussion

In order to apply for naturalization as a United States citizen, an applicant must file a written application with the Attorney General in the form prescribed by 8 U.S.C. § 1445. Before the applicant may be naturalized, an employee of USCIS or of the federal government who has been designated by the Attorney General "shall conduct a personal investigation" of the applicant. Id. § 1446(a). The employee designated to examine the applicant must determine whether to grant or deny naturalization. Id. § 1446(d). If the naturalization application is denied, the applicant may request a hearing before an immigration officer. Id. § 1447(a). If

naturalization is again denied after the hearing, the applicant may "seek review of such denial before the United States district court for the district in which such person resides." 8 U.S.C. § 1421(c).

If the employee designated to examine the applicant pursuant to Section 1446 fails to make a decision on the naturalization application within 120 days of the investigation, the applicant may move for a hearing before a United States District Court. Id. § 1447(b). The district court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." Id.

Here, Al Haj asserts that he has applied for, and been granted, citizenship, and is simply waiting for the government to provide a certificate of citizenship, but he has not provided any documentation that he has filed an application, that USCIS has conducted an investigation in accordance with 8 U.S.C. § 1446, or that a hearing has occurred in accordance with Section 8 U.S.C. § 1447. Absent this documentation, this court does not have jurisdiction to decide this claim. District courts obtain jurisdiction to review a naturalization application only if (a) the court is reviewing an immigration officer's decision following a hearing conducted pursuant to § 1447(a), see 8 U.S.C. § 1421(c); or (b) the court is reviewing the case following USCIS's failure to issue a decision on the naturalization application within 120 days, see § 1447(b). Al Haj has simply failed to show in his complaint that the court may exercise jurisdiction under either statutory provision. See Reynolds v. Dep't of Homeland Sec. Citizenship and Immigration Servs., 523 F.

App'x 178, 178–79 (3d Cir. 2013) (affirming dismissal of complaint seeking naturalization ruling where complaint failed to show that plaintiff had been afforded naturalization interview or immigration hearing).

The court also cannot exercise jurisdiction to the extent Al Haj is seeking a writ of mandamus. Federal courts do not have jurisdiction to grant citizenship through their equitable powers and may only do so in the exact manner that Congress has specified by statute. See 8 U.S.C. § 1421(d) ("A person may only be naturalized as a citizen of the United States in the manner and under the conditions prescribed in this subchapter and not otherwise."); Lall v. Dep't of Homeland Sec., 117 F.4th 87, 96 (3d Cir. 2024) ("Neither by application of the doctrine of estoppel, nor by invocation of equitable powers, nor by any other means does a court have the power to confer citizenship in violation of these limitations." (quoting I.N.S. v. Pangilinan, 486 U.S. 875, 885 (1988))); see also Reynolds, 523 F. App'x at 179 (concluding that court did not have jurisdiction to grant citizenship through mandamus relief (citing Gonzalez v. Sec'y of Dep't of Homeland Sec., 678 F.3d 254, 259 (3d Cir. 2012))). Accordingly, the court will dismiss Al Haj's complaint without prejudice and grant him the opportunity to file an amended complaint showing a proper basis for this court to exercise jurisdiction pursuant to 8 U.S.C. §§ 1421, 1446, and 1447.

## IV. Conclusion

Al Haj is granted leave to proceed *in forma pauperis*, and his complaint is dismissed without prejudice. Al Haj is granted leave to file an amended complaint

to assert a proper basis for this court to exercise subject matter jurisdiction over this case. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: November 23, 2026